UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LAINES ELIZABETH MONTERO ARTEAGA,

    Petitioner,

v.                                        Case No. 3:26-cv-111-MMH-SJH

GARRETT J. RIPA, et al.,

    Respondents.

## ORDER

Petitioner Laines Elizabeth Montero Arteaga, a detainee of United States Immigration and Customs Enforcement (ICE), initiated this action through counsel by filing a Petition for Writ of Habeas Corpus (Doc. 1; Petition).[1] Arteaga, a citizen of Venezuela, entered the United States on April 3, 2021. Id. at 3–4. The Department of Homeland Security (DHS) processed and released her. Id. at 4. Following her release, Arteaga submitted an asylum application that appears to remain pending. Id. Arteaga asserts that she has no criminal history and has complied with "all immigration requirements since her entry into the United States, including filing for asylum, appearing as required, and remaining available to DHS." Id. Nevertheless, in December

---

[1] Although titled as a "Verified Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241," the Petition contains no verification.

2025, Arteaga alleges that ICE detained her at Baker Correctional Institute "without any explanation or evidence in support of the Government's decision to revoke her conditional parole." Id.

Arteaga seemingly argues that DHS has violated her right to due process by denying her a bond hearing. See id. at 5–11. As relief, she asks the Court to "[i]ssue a writ of habeas corpus ordering Respondents to release [her] on her own recognizance or under parole, a low bond, or other reasonable conditions of supervision." Id. at 11.

On February 3, 2026, Arteaga's counsel filed an Emergency Motion for Temporary Restraining Order to Return Petitioner to this Court's Jurisdiction (Doc. 8; Motion). In the Motion, Arteaga's counsel alleges that Respondents transferred Arteaga from Baker Correctional Institute to an unknown location in the early morning hours of February 2, 2026. Id. at 2. Counsel represents that as of the filing of the Motion, Arteaga's precise location remains unknown despite counsel's repeated efforts to obtain information. Id. Counsel alleges that Arteaga's transfer has caused her to miss an immigration court hearing and has impeded her efforts to cooperate with Homeland Security

2

Investigations in connection with an investigation centered in South Florida. Id. at 2–3.

Counsel argues that by transferring Arteaga, Respondents have violated Federal Rule of Appellate Procedure 23(a), which provides that while review of a habeas proceeding is pending, the custodian may not transfer custody of the petitioner to another person absent court authorization. Id. at 3. According to counsel, Arteaga's transfer also violated ICE policy and interferes with the Court's jurisdiction. Id. at 4–5. As relief, counsel asks the Court to direct Respondents to immediately return Arteaga to the Court's jurisdiction, prohibit any further transfer of Arteaga absent prior authorization from the Court, and order Respondents to immediately disclose Arteaga's current location. Id. at 6.

Upon review, the Court finds that the Motion fails to comply with the Federal Rules of Civil Procedure (Rule(s)) and the Local Rules of the United States District Court for the Middle District of Florida (Local Rule(s)). Specifically, the Motion does not include a written certification by Arteaga's counsel regarding "any efforts made to give notice [to Respondents] and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(B). Additionally,

3

Arteaga's counsel fails to provide an affidavit or verified complaint as required by Rule 65 and Local Rule 6.01(a)(2). And the Motion does not include "a precise and verified explanation of the amount of the required security" or a proposed order. See Local Rule 6.01(a)(4), (6); see also Fed. R. Civ. P. 65(c). As such, the Motion is due to be denied without prejudice. Should Arteaga choose to refile her request, [2] she must ensure full compliance with the Rules and the Local Rules.

The Court notes that it still retains jurisdiction over Arteaga's Petition even if she has been removed from the Middle District of Florida. See Rumsfeld v. Padilla, 542 U.S. 426, 441 (2004) ("[W]hen the Government moves a habeas petitioner after she properly files a petition naming her immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release."). Nevertheless, in the interest of facilitating the

---

[2] Counsel cites to Ozturk v. Trump, 779 F. Supp. 3d 462 (D. Vt. 2025), amended sub nom. Ozturk v. Hyde, 136 F.4th 382 (2d Cir. 2025), in support of her request for relief. However, Ozturk is distinguishable because petitioner's counsel in that case filed a motion for transfer, not a motion for a temporary restraining order, and the court granted the "equitable relief" under its "inherent habeas power." Id. at 496–97.

4

progression of this case, the Court will direct Respondents to notify counsel of Arteaga's current location.

Accordingly, it is **ORDERED**:

1. Arteaga's Emergency Motion for Temporary Restraining Order (Doc. 8) is **DENIED without prejudice**.

2. **By 5:00 p.m. on February 4, 2026**, Respondents must provide Arteaga's counsel with her current location.

3. The **Clerk** shall send a copy of this Order by **e-mail** to the United States Attorney for the Middle District of Florida (USAFLM.JAX.Civil.NewCases@usdoj.gov).

**DONE AND ORDERED** at Jacksonville, Florida this 3rd day of February, 2026.

_____
MARCIA MORALES HOWARD
United States District Judge

Jax-9 2/3
c:   Counsel of record